SWAIN, J.
I dissent. The complaint, though not a model of pleading, alleges in substance that there was a contract whereby the defendant Garrett Investment Company, Inc. purchased her real property for $1,150 cash, subject to existing trust deeds; that only $150 of the cash has been paid. She sues to recover the $1,000 which has not been paid. The answer alleges that the corporate defendant purchased the property for $1,150 in cash and assumed three existing trust deeds. It alleges that the full $1,150 was paid. The only issue, therefore, is as to whether $1,150 was paid or only $150. The court found, on sufficient evidence, that defendants paid $150 and no more and at no time paid the plaintiff *Supp. 859 $1,150. By a simple process of subtraction it is obvious that the court found that $1,000 of the purchase price was unpaid. It gave judgment for that amount.
It is true that the complaint mystifies by its numerous allegations of fraud which induced the making of the contract, but all of that, except the unpaid $1,000, becomes surplusage when the plaintiff alleges that she affirms the contract. It is immaterial that the copy of the escrow instructions attached to the complaint is unsigned. The answer admits that the property was sold on the terms set out in the escrow instructions.
This is, therefore, either an action on the contract to recover the unpaid portion of the purchase price or an action for damages for breach of a contract to pay $1,150 of which only $150 was paid. The measure of damages for such breach by the purchaser was $1,000. Here there is no real difference between the two theories.
However, plaintiff is entitled, in an action on the contract, to recover only against the other contracting party, so judgment against the individual defendant should be reversed. I would do that and affirm the judgment against the corporate defendant.